UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIELLA BURNETT,

                Plaintiff,

against

S & C BRIDAL LLC d/b/a US ANGELS and
THE CAYRE GROUP, LTD.,

                Defendants.

CIVIL ACTION NO.: 1:20-cv-09804-AKH

**CONFIDENTIALITY PROTECTIVE ORDER**

It is hereby stipulated and agreed, by and between the Parties, through their respective counsel, and ordered by the Court as follows:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client information that is non-public proprietary information, a trade secret, non-public personal information or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." The Parties may further designate certain "CONFIDENTIAL" materials or testimony of a highly confidential nature as "ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material refers to confidential materials is believed to be unknown to the non-producing Party that may cause competitive harm to the producing Party if disclosed to the non-producing Party.

      2.    The Confidential Information and Attorneys' Eyes Only Material disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      3.    In the event a party challenges another party's designation of confidentiality (including attorneys' eyes only designation), counsel shall make a good-faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. A party objecting shall so notify the other Party in writing setting forth with specificity the information that he or she contends is not confidential and attempt to resolve the dispute through a meet and confer session. If this attempt is not successful, the objecting Party may file an objection with the Court for ruling that the document, information, or testimony not be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The disputed documents or other materials and information shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pending a ruling from the Court. Nothing in this Protective Order constitutes an admission by any party that

Confidential Information OR Attorneys' Eyes Only Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or Attorneys' Eyes Only Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except to the following "Qualified Persons":

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation, including individuals engaged in for the purpose of transcribing depositions and court proceedings in this Action;

   c. Consultants, investigators or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Witnesses who have been noticed, scheduled and/or confirmed to testify at deposition or at trial in the Action, provided that the material disclosed is directly related to the subject of their testimony;

   e. Any other person who is designated a Qualified Person by further agreement of the Parties or by order of this Court; and

   f. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents pursuant to this Order and inform the person that one cannot use the information or documents for any purpose other than this litigation;

   b. Individuals listed in subparts (c), (d), and (e) must execute a copy of the Certificate of Compliance attached hereto as Exhibit A prior to review of any "Confidential" information or documents, unless otherwise mutually agreed to by the parties' counsel.

Counsel who disclose such information shall take reasonable and appropriate steps to ensure that the person receiving it shall not reveal or discuss that

information with any person who is not authorized by this Stipulation and Order to receive that information, and shall use best efforts to ensure that disclosure comports with this Stipulation and Order.

6.  The disclosure of a document or information without designating it as "Confidential" or "Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Attorneys' Eyes Only Material. If so designated, absent an objection from the opposing party or court order, the document or information shall thenceforth be treated as such subject to all the terms of this Stipulation and Order.

7.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.  Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.  Notwithstanding the designation of information as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal.

   a.  In the event that any discovery designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Stipulation may be desired to be publicly filed with the Court by either party, the attorneys seeking to file the documents will give reasonable notice of such desire to opposing counsel. The non-filing party will timely

       articulate any objections to publicly filing the document. The Parties may agree to redact certain Confidential Information from papers filed with Court in lieu of filing under seal so that the Confidential Information is not disclosed.

      b.    If there is no agreement as provided in paragraph (a), and either party, after notice as provided (a), wishes for such materials to be filed under seal, the party shall follow the Court's Individual Rules set forth for requests for filing under seal.

    10.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

    11.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Attorneys' Eyes Only information if otherwise required by law or pursuant to a valid subpoena. In the event that any party (including a Qualified Person) is requested to produce Confidential or Attorneys' Eyes Only Material outside of the Action, pursuant to a request for production of documents or information, interrogatory, request for admission, subpoena, deposition or other form of discovery, the party will object and refuse to disclose such information on the basis of this Stipulation. In the event that a party receives a request to produce any Confidential or Attorneys' Eyes Only material, or if a party is served with a motion to compel production of documents or information or a subpoena (in the event that the subpoena may not be objected to) that demands the disclosure of such material, they will immediately notify the party who provided the subject information (the "Providing Party") of the request, demand, motion, or subpoena. The party will allow the Providing Party thirty (30) days, or the maximum amount of time available, to contest its disclosure.

    12.    Any party may seek to modify, expand, cancel or supersede this agreement by stipulation of the Parties or by motion on notice.

**Exhibit A**

Certificate of Compliance

The undersigned hereby acknowledges and says:

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Protective Order ("the Confidentiality Order") dated _____, 2021 in the above-styled Action; that I have been given a copy of and have read the Confidentiality Order, and that I hereby agree to be bound by its terms.  I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Confidentiality Order, is a prerequisite to my review of any produced materials, as defined in the Confidentiality Order.

I further agree that I shall not disclose to others, except in accordance with the Confidentiality Order, such information or documents, including notes or other memoranda or writings regarding information contained therein, and that such information or documents shall be used only for the purposes authorized by the Confidentiality Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this action.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Stipulation, I may be subject to sanctions, including

contempt, for such a failure.

I further agree to be subject to the jurisdiction of the Court in any proceeding to enforce this Confidentiality Order.

DATED:_____

_____
Signature


_____
Print Name

| | |
|---|---|
| **PADUANO & WEINTRAUB LLP** | **CRUMILLER P.C.** |
| _____ | _____ |
| By: Lisia Leon, Esq. | By: Hilary J. Orzick, Esq. |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

Dated: New York, New, York

September 15, 2021

                                              SO ORDERED.

                                                /s/ Alvin K. Hellerstein
                                           _____

                                           ALVIN K. HELLERSTEIN
                                           United States District Judge